```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION
```

| | | |
|---|---|---|
| CHESTER EUGENE WEST, | : | MOTION TO VACATE |
| BOP ID 63989-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:15-CV-1419-CAP-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:12-CR-283-CAP-ECS |

**FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Chester Eugene West's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." [Doc. No. 53]. For the following reasons, the undersigned will recommend that (A) Mr. West's § 2255 motion be denied and (B) a Certificate of Appealability be denied.

In 2012, Mr. West was charged in a Superseding Indictment with: being a felon in possession of a firearm (four counts); possession, sale or disposition of stolen firearms (three counts); distribution of cocaine and cocaine base (three counts); and distribution of marijuana (three counts). See [Doc. No. 15]. Mr. West then entered a non-negotiated guilty plea. See [Doc. No. 25-1]. Mr. "West's plea came after law enforcement conducted a six-month undercover operation, in which officers [posing as drug and gun dealers] purchased illegal drugs and guns from West on several

occasions" in video- and audio-taped transactions. United States v. West, 563 F. App'x 745, 746 (11th Cir. 2014).

At sentencing, the Court determined that Mr. West's adjusted Offense Level was 31 and his Criminal History Category was VI, yielding a guideline sentencing range of 188 to 235 months. See [Doc. No. 42 at 50-51]. The Court then sentenced Mr. West to a 188-month term of imprisonment. See [Doc. No. 32].

On direct appeal, Mr. West argued that his sentence was substantively unreasonable and that it was improperly enhanced under U.S.S.G. § 2K2.1(b)(5) for trafficking in firearms and under U.S.S.G. § 2K2.1(b)(6) for using or possessing a firearm in connection with another felony. See West, 563 F. App'x at 746. The United States Court of Appeals for the Eleventh Circuit rejected each of those arguments. See id. at passim.

In his pro se § 2255 Motion, which the undersigned has construed liberally, Mr. West now contends that his counsel provided ineffective assistance at his sentencing hearing because she "failed to 'investigate' my priors," "fail[ed] to object to various stages of the (PSR) which triggered the enhancements used at sentencing," and "failed to 'object' to the []repeated attempts to encourage an act not within the normal scope of my day to day criminal activities which is the nature of the gun-related offenses." [Doc. No. 53 at 5 (quotation marks and emphasis in the

2

the original)]. Specifically, Mr. West argues that his counsel should have objected to the inclusion in his Criminal History score of the crimes listed in Paragraphs 92 and 98 in his Pre-Sentence Investigation Report. Id.

To the extent that Mr. West is claiming that his sentence was "enhanced" by virtue of his prior criminal convictions, that claim is meritless because he did not receive an enhanced sentence as a "career offender" or an "armed career criminal" based on his prior convictions. See generally U.S.S.G. §§ 4B1.1 & 4B1.4. Rather, Mr. West's prior crimes were counted only to compute his Criminal History Category. Moreover, even if the crimes listed in Paragraphs 92 and 98 of his PSR were excluded, Mr. West's Criminal History Category would still be VI, because he would still have 13 or more points. Mr. West's counsel did not provide ineffective assistance of counsel with respect to this aspect of sentencing because Mr. West clearly suffered no prejudice. See generally Strickland v. Washington, 466 U.S. 668, 687-88 (1984) (requiring both deficient performance and prejudice to demonstrate ineffective assistance of counsel).

To the extent that Mr. West is claiming that his counsel should have objected to the "enhancement" of his sentence under U.S.S.G. § 2K2.1(b)(5)&(6), that claim is foreclosed because the Eleventh Circuit decided on direct appeal that those sentencing

3

guideline provisions were appropriately applied in this case. See generally United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) ("The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal."). And Mr. West's counsel did not render ineffective assistance by failing to raise meritless arguments on his behalf. See Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1142 (11th Cir. 2006) (a lawyer "is not ineffective for failure to raise a meritless argument").

Finally, to the extent that Mr. West now contends that his attorney should have argued at sentencing that the gun crimes to which he pled guilty were not "within the normal scope of [his] day to day criminal activity," [Doc. No. 53 at 5], it is plain from the sentencing transcript that she did just that, see [Doc. No. 42 at 33 (eliciting testimony from an investigator that Mr. West said "that he didn't really sell firearms but that he could get them") & 52-54 (presenting the argument)]. Plainly, counsel cannot be found to have rendered ineffective assistance for having allegedly "failed" to make an argument that the record reveals she, in fact, made. Moreover, in pronouncing sentence, the Court explicitly acknowledged that it had weighed the fact that "the activity [Mr. West] was engaged in, some of it was at the suggestion of the undercover officers," but that it nonetheless concluded based on the 18 U.S.C. § 3553(a) factors that the 188-month "sentence is

4

correct, mainly because of [Mr. West's] prior record." [Doc. No. 42 at 59]. Thus, Mr. West is not entitled to relief under § 2255 on this basis, either.

No evidentiary hearing is required in this case because Mr. West's claims are based upon unsupported generalizations and affirmatively contradicted by the record of prior proceedings. See, e.g., Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014).

For these reasons, the undersigned **RECOMMENDS** that Mr. West's § 2255 Motion be **DENIED.**

The undersigned further **RECOMMENDS** that a Certificate of Appealability be **DENIED** because Mr. West has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED, and DIRECTED**, this 11th day of June, 2015.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHESTER EUGENE WEST, | : | MOTION TO VACATE |
| BOP ID 63989-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:15-CV-1419-CAP-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:12-CR-283-CAP-ECS |

### ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings and

conclusions of law will be limited to a plain error review. <u>See</u> 11th Cir. R. 3-1.

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED,** this 11th day of June, 2015.

      ***S/ E. Clayton Scofield III***
      E. CLAYTON SCOFIELD III
      UNITED STATES MAGISTRATE JUDGE